```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ELIZABETH BRYAN, on behalf of herself
and a class,                                          ORDER
                                                      15-cv-6984 (SJF)(GRB)
                    Plaintiff,

        -against-

I.C. SYSTEM, INC.,

                    Defendant.
---------------------------------------------------------------X
```

**FEUERSTEIN, District Judge:**

Plaintiff Elizabeth Bryan ("Plaintiff" or "Bryan") commenced this action against Defendant I.C. System, Inc. ("Defendant" or "I.C. System"), on behalf of herself and a class, seeking to recover for Defendant's alleged violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* *See* Docket Entry ("DE") [1]. On August 19, 2016, Plaintiff filed a motion seeking leave to file an amended complaint pursuant to Fed. R. Civ. P. 15, and on September 19, 2016, Defendant filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). DE [18], [22]. The Court referred the parties' motions to Magistrate Judge Gary R. Brown for a Report and Recommendation as to whether they should be granted, and, in an August 28, 2017 Report and Recommendation (the "Report"), Magistrate Judge Brown recommended: (i) that Defendant's motion for judgment on the pleadings be granted; and (ii) that Plaintiff's motion seeking leave to file an amended complaint be denied. DE [30]. On September 11, 2017, Plaintiff filed a timely objection to Magistrate Judge Brown's Report, to which Defendant replied on September 25, 2017. DE [31], [32]. For the reasons set forth herein, Magistrate Judge Brown's Report is adopted in its entirety, and: (i) Defendant's motion for judgment on the pleadings is granted; and (ii) Plaintiff's motion seeking leave to file an amended complaint is denied.

## I. LEGAL STANDARD

### A. Review of a Magistrate Judge's Report

Pursuant to Fed. R. Civ. P. 72, a magistrate judge may conduct proceedings on dispositive pretrial matters without the consent of the parties. *See* Fed. R. Civ. P. 72(b); *Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002) ("A district court may refer, without the parties' consent, both nondispositive and dispositive motions to a magistrate judge for decision or recommendation, respectively."). In reviewing a magistrate judge's report and recommendation, the district court may accept, reject, or modify, in whole or in part, the magistrate judge's findings and recommendations. *DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Any portion of a report and recommendation on a dispositive matter to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). However, "[o]bjections to a report must be specific and clearly aimed at particular findings in the magistrate's proposal." *Frankel v. City of New York*, No. 06-CV-5450, 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009). Therefore, "[w]hen a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error." *Id.* Similarly, where there are no specific written objections to a magistrate judge's report and recommendation, the district court may accept the findings contained therein as long as the factual and legal bases supporting the findings are not clearly erroneous. *Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985).

### B. Fed. R. Civ. P. 12(c) Legal Standard

Pursuant to Fed. R. Civ. P. 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In deciding a motion for judgment on the pleadings, "a court applies the familiar standard applicable

to a Rule 12(b)(6) motion." *Polanco v. NCO Portfolio Mgmt., Inc.*, 930 F. Supp. 2d 547, 549 (S.D.N.Y. 2013) (citing *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010)). Therefore, to survive a motion pursuant to Rule 12(c), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). A claim is considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678, 129 S. Ct. at 1949. The court must "accept as true all factual allegations set forth in the complaint and draw all reasonable inferences in favor of the plaintiff." *Polanco*, 930 F. Supp. 2d at 550 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1, 122 S. Ct. 992, 995 (2002)). In deciding a motion for judgment on the pleadings, "the court considers the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (internal quotation omitted).

### C. Fed. R. Civ. P. 15 Legal Standard

Motions to amend pleadings are governed by Fed. R. Civ. P. 15, which provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Amaya v. Roadhouse Brick Oven Pizza, Inc.*, 285 F.R.D. 251, 253 (E.D.N.Y. 2012) ("A court should freely give leave [to amend] when justice so requires and such leave is in the court's discretion.") (internal quotation omitted). Courts interpret Fed. R. Civ. P. 15 liberally. *See Assam v. Deer Park Spring Water, Inc.*, 163 F.R.D. 400, 404 (E.D.N.Y. 1995) ("Federal Rule of Civil Procedure 15(a) dictates that motions to amend complaints be liberally granted absent a good reason to the contrary . . . ."). Generally, leave to amend a complaint should only be denied "if

3

there is delay, bad faith, futility, or prejudice to the non-moving party." *Hosking v. New World Mortg., Inc.*, 602 F. Supp. 2d 441, 445 (E.D.N.Y. 2009) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)). An amendment is futile if "the proposed claim could not withstand a Fed. R. Civ. P 12(b)(6) motion to dismiss." *Salazar v. Browne Realty Assocs., L.L.C.*, 796 F. Supp. 2d 378, 383 (E.D.N.Y. 2011) (citing *Lucente v. IBM Corp.*, 310 F.3d 243, 258 (2d Cir. 2002)); *see also Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006) ("The Court . . . reviews proposed amendments for futility pursuant to Rule 12(b) . . . ."). Therefore, a proposed amended complaint must "contain enough allegations of fact to state a claim for relief that is 'plausible on its face.'" *Mendez v. U.S. Nonwovens Corp.*, 2 F. Supp. 3d 442, 451 (E.D.N.Y. 2014) (quoting *Bell Atl. Corp.*, 550 U.S. at 570, 127 S. Ct. at 1974).

## II. OBJECTIONS

In her objection to the Report, Plaintiff argues that Magistrate Judge Brown "erred in holding that defendant's misrepresentation that it held an A+ [Better Business Bureau] rating was not actionable under the FDCPA as a matter of law." *See* Plaintiff's Objection to Magistrate Judge's Report and Recommendation ("Pl.'s Obj."), DE [31], at 6. According to Plaintiff, "[t]he BBB rating is material because if the consumer settles a debt with the collector, an A+ rating indicates that the collector is not going to take the consumer's money and send the debt back to its principal without noting that the consumer's payment was in full satisfaction of the debt." *Id.* at 2-3. Bryan further argues that "the amended complaint did explain the importance of the debt collector's BBB rating." *Id.* at 3. Applying the standards outlined above, and for the reasons set forth herein, Magistrate Judge Brown's Report is adopted in its entirety.

## A. **FDCPA Standard**

Congress enacted the FDCPA "with the aim of eliminating abusive practices in the debt collection industry, and also sought to ensure that 'those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged.'" *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008) (quoting 15 U.S.C. § 1692(e)). The FDCPA prohibits, *inter alia*, the use of "any false, deceptive, or misleading representation[s] or means in connection with the collection of any debt." 15 U.S.C. § 1692e. In analyzing whether a communication violates the FDCPA, "courts apply an objective standard based on the 'least sophisticated consumer.'" *Dewees v. Legal Servicing, LLC*, 506 F. Supp. 2d 128, 132 (E.D.N.Y. 2007) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)). The "least sophisticated consumer" standard is "measured by how the 'least sophisticated consumer' would interpret the notice received from the debt collector." *DeSantis v. Comp. Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001) (quoting *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996)). Therefore, courts "must analyze 'collection letters from the perspective of a debtor who is uninformed, naïve, or trusting, but is making basic, reasonable and logical deductions and inferences." *Dewees*, 506 F. Supp. 2d at 132 (quoting *Spira v. Ashwood Fin., Inc.*, 358 F. Supp. 2d 150, 156 (E.D.N.Y. 2005)). Ultimately, whether a communication violates the FDCPA depends upon "whether the notice fails to convey the required information clearly and effectively and thereby makes the least sophisticated consumer uncertain as to the meaning of the message." *Weiss v. Zwicker & Assocs., P.C.*, 664 F. Supp. 2d 214, 216 (E.D.N.Y. 2009) (internal quotation omitted).

Pursuant to 15 U.S.C. § 1692e, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Although 15 U.S.C. § 1692e identifies certain conduct that is considered "false, deceptive,

5

or misleading," the list is non-exhaustive. *Id.*; *see also Tsenes v. Trans-Cont'l Credit & Collection Corp.*, 892 F. Supp. 461, 464 (E.D.N.Y. 1995) ("The sixteen subsections of § 1692e set forth a nonexhaustive list of practices that fall within this ban."). Relevant here, one such example of false, deceptive, or misleading conduct proscribed by the FDCPA is "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). However, the Second Circuit has observed that, "[a]lthough it is clear that Congress painted with a broad brush in the FDCPA, not every technically false representation by a debt collector amounts to a violation of the FDCPA." *Gabriele v. Am. Home Mortg. Servicing, Inc.*, 503 F. App'x 89, 94 (2d Cir. 2012) (internal citations omitted). Therefore, "[m]any courts have read a materiality requirement into § 1692e." *Fritz v. Resurgent Capital Servs., L.P.*, 955 F. Supp. 2d 163, 170 (E.D.N.Y. 2013). In analyzing whether a misrepresentation is material, the Second Circuit has held that "communications and practices that could mislead a putative-debtor as to the nature and legal status of the underlying debt, or that could impede a consumer's ability to respond to or dispute collection, violate the FDCPA." *Gabriele*, 503 F. App'x at 94; *see also Lane v. Fein, Such & Crane, LLP*, 767 F. Supp. 2d 382, 389 (E.D.N.Y. 2011) (collecting cases discussing the FDCPA's materiality requirement).

Plaintiff's allegations, accepted as true, are insufficient to state a claim arising under 15 U.S.C. § 1692e. According to Plaintiff, "Defendant falsely published an A+ rating to consumers, when its rating was not an A+, and defendant knew or should have known what it was." *See* Proposed Amended Complaint ("PAC"), DE [18-1], ¶ 20. Plaintiff further alleges that "[t]he BBB rating, particularly an A+ rating, is material to a least sophisticated consumer dealing with a debt collector because debt collectors have a poor reputation and a high rating indicates that the collector can be trusted." *Id.* at ¶ 22. Specifically, Bryan alleges that "if the consumer settles a

debt with the collector, an A+ rating indicates that the collector is not going to take the consumer's money and send the debt back without noting that the consumer's payment was in full satisfaction of the debt." *Id.* at ¶ 24. However, contrary to Plaintiff's argument, at least one court in this district has held that a company's Better Business Bureau rating "carries no connotation regarding the character, amount, or legal status of any debt or Plaintiff's rights regarding any such debt."[1] *Strobel v. RJM Acquisitions LLC*, No. 13-CV-2467, 2014 WL 507510, at *3 (E.D.N.Y. Feb. 6, 2014). In *Strobel*, Judge Seybert wrote, "[t]he Court fails to see how a BBB accreditation and rating suggests any relevant meaning whatsoever," and, to the extent that it does, "it is not material." *Id.*; *see also Walsh v. Law Offices of Howard Lee Schiff, P.C.*, No. 11-CV-1111, 2012 WL 4372251, at *3 (D. Conn. Sept. 24, 2012) ("[I]mmaterial statements, by definition, do not affect a consumer's ability to make intelligent decisions concerning an alleged debt.") (internal quotation omitted). As a misrepresentation must either be misleading with respect to "the nature and legal status of the underlying debt" or "impede a consumer's ability to respond to or dispute collection," *see Gabriele*, 503 F. App'x at 94, to be actionable under the FDCPA, Plaintiff's allegations do not support an inference that the debt collection letter at issue in this action would be materially misleading to the least sophisticated consumer.

In her objection to the Report, Plaintiff argues, *inter alia,* that "[a] false statement that the debt collector has been given the highest rating by a well-respected private organization such as the Better Business Bureau, which exists for the purpose of rating the reliability and probity of businesses, is very similar to a false statement that a debt collector is 'vouched for' by a government agency." Pl.'s Obj. at 4. However, Judge Seybert rejected a similar argument in

---

[1] The Court notes that, although the factual scenario in *Strobel* is distinguishable, as the debt collector accurately stated its Better Business Bureau rating, *see* 2014 WL 507510, at *3, Judge Seybert's comments regarding the materiality of such a rating are still relevant and applicable here.

7

*Strobel*, writing, "[n]or does a statement regarding the BBB indicate that Defendant is in any way affiliated with any governmental entity." 2014 WL 507510, at *3; *see also Lane*, 767 F. Supp. 2d at 389 ("[R]eferences to the laws of the United States . . . merely explain [the debt collector's] place of incorporation and licensing . . . [they do] not suggest, even to an unsophisticated consumer, that [the debt collector] is acting on behalf of the United States."). To that end, similarly misplaced is Plaintiff's reliance upon *Radaj v. ARS Nat'l Servs., Inc.*, No. 05-C-773, 2006 WL 2620394 (E.D. Wis. Sept. 12, 2006) in support of her argument that "[t]he representation at issue is similar to one that a debt collector is licensed and regulated by the state," *see* Pl.'s Obj. at 4, as the debt collector in *Radaj* sent letters the plaintiff specifically "stating that [it] 'is licensed by the Office of the Administrator of the Division of Banking' of the State of Wisconsin, which was an allegedly false statement . . . ." 2006 WL 2620394, at *1. Therefore, Plaintiff's reliance upon 15 U.S.C. § 1692e(1) in support of her allegations that Defendant violated the FDCPA is unpersuasive.

Based upon the foregoing, and for the reasons set forth in Magistrate Judge Brown's Report, Plaintiff's allegations do not support an inference that the debt collection letter at issue in this action would be materially misleading to the least sophisticated consumer. Therefore, Plaintiff's objections to Magistrate Judge Brown's Report and Recommendation are overruled.

### B. **Remainder of the Report and Recommendation**

As discussed above, the Court must review those portions of a report and recommendation to which no objections have been filed for clear error. *See Frankel*, 2009 WL 465645, at *2. Having reviewed the remainder of Magistrate Judge Brown's Report for clear error, and having found none, the Court adopts Magistrate Judge Brown's August 28, 2017 Report and

Recommendation in its entirety. Therefore, Defendant's motion for judgment on the pleadings is granted, and Plaintiff's motion seeking leave to file an amended complaint is denied.

## III. CONCLUSION

For the reasons set forth herein, Magistrate Judge Brown's August 28, 2017 Report and Recommendation in its entirety, and: (i) Defendant's motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) is granted, and (ii) Plaintiff's motion seeking leave to file an amended complaint pursuant to Fed. R. Civ. P. 15 is denied. The Clerk of the Court is directed to enter judgment in favor of Defendant and to close this case.

Dated: Central Islip, New York
      September 28, 2017

**SO ORDERED.**

*s/ Sandra J. Feuerstein*
Sandra J. Feuerstein
United States District Judge